■ FRANCES BACON, Appellant, v. ROCHESTER TRANSIT CORPORATION et al., Respondents.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The trial court dismissed the complaint at the close of all the evidence, holding that there was no question of fact for the jury. In other words, the court held

the defendant driver of the bus free from negligence as a matter of law. Any negligence on the part of the driver of the car in which the plaintiff was riding was not imputable to her nor could she be held to be contributorily negligent as a matter of law. A careful review of the evidence convinces us that the question of the negligence or freedom therefrom on the part of the bus driver was one of fact to be resolved by the jury. It is true that the car in which the plaintiff was riding skidded on the icy surface into the rear end of the bus as the bus stopped or was stopping. The question was whether the bus driver, considering all the surrounding conditions and circumstances, exercised reasonable care in bringing the bus to a stop. The bus and the car following were traveling east on the south lane of a two-lane highway in a fifty mile speed zone. The roadway was bare and dry up to a short distance from the point where the bus stopped. There was no designated bus stop nor any sign indicating a bus stop. The defendant driver had knowledge of the icy condition of the south lane in the vicinity of the place where he stopped. He knew it was difficult to stop a car on ice. He knew there were vehicles following his bus. He could not assume that the operators of such vehicles were cognizant of the icy stretch which he was approaching and where he intended to and did stop. He had ample room to turn his bus off on the south shoulder and thus leave the south lane open for east bound traffic. He chose, however, to bring his bus to a stop directly in the south lane, thus completely blocking that lane. His testimony is not clear as to seeing the following car in his rear view mirror. The jury could have found that he glanced in the mirror at about the time he stopped. There is testimony that he stopped abruptly; that his braking light in the rear came on once before he stopped and then went off and the bus continued on; that the light came on a second time just as he suddenly stopped the bus. The credibility of the witnesses was for the jury. Whether the defendant driver exercised reasonable care in the operation of his vehicle, upon the evidence here presented, was a fact question. All concur. (Appeal from a judgment of Monroe County Court dismissing the complaint in a bus line negligence action. The order denied the motion for a new trial.) Present — McCurn, P. J., Kimball, Wheeler, Van Duser and Williams, JJ.